UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AGENDIA, INC.,<br>    Plaintiff,<br>    v.<br>XAVIER BECERRA, Secretary, United States Department of Health and Human Services,<br>    Defendant. | Civil Action No. 22-3242 (JDB) |

### MEMORANDUM OPINION & ORDER

Before the Court are Agendia, Inc.'s Rule 59(e) motions for reconsideration of the Court's March 29, 2024 Order denying Agendia's motion for summary judgment and granting the motion for summary judgment filed by Department of Health and Human Services Secretary Xavier Becerra ("Secretary"). The motions for reconsideration ask the Court to alter its conclusions that (1) Agendia's challenge to the Secretary's "substantial deference" regulation, 42 C.F.R. § 405.1062(a), is claim-precluded by prior litigation; and (2) the "substantial deference" regulation is not arbitrary, capricious, or contrary to law. For the following reasons, the Court will deny the motions for reconsideration of the Order. However, considering the issues raised in the briefing and the Supreme Court's recent decision in Loper Bright Enterprises v. Raimondo, 144 S. Ct. 2244 (2024), the Court will reissue its March 29, 2024, Memorandum Opinion omitting the analysis of Agendia's substantive challenge to the "substantial deference" rule, which was an alternative holding not essential to the Court's judgment.

### Background

The Court assumes familiarity with the background of this case. See Mem. Op. [ECF No. 29] at 2–8. In short, Agendia is a clinical laboratory providing molecular diagnostic testing to

1

patients with breast cancer. Id. at 4. From 2012 to 2015, Agendia was denied payment for hundreds of tests provided to Medicare recipients and sought review through the agency's internal appeals process. Id. at 4–5. Throughout that appeals process, Medicare adjudicators followed an agency regulation requiring them to give "substantial deference" to local coverage determinations ("LCD") developed by private Medicare contractors. Id. at 5–6; see 42 C.F.R. § 405.1062(a). Giving "substantial deference" to those determinations, the appeals adjudicators denied payment for Agendia's tests. Mem. Op. at 4–6.

Agendia sought review of the denials before this Court. In its motion for summary judgment, Agendia contended that (1) substantial deference to LCDs issued by private entities is an unconstitutional delegation; (2) the regulation requiring substantial deference to LCDs is arbitrary and capricious and contrary to the Medicare statute; (3) the LCDs should have been issued pursuant to notice-and-comment; and (4) each of the five administrative decisions at issue is not supported by substantial evidence. Mem. Op. at 8. The Secretary cross-moved for summary judgment, arguing that the entire lawsuit, or at minimum Agendia's first and third arguments, were precluded by prior litigation between the parties in the Central District of California and the Ninth Circuit and that, in any event, Agendia's claims failed on the merits. Id.; see Agendia, Inc. v. Azar, 420 F. Supp. 3d 985 (C.D. Cal. 2019) (granting summary judgment to Agendia), rev'd sub nom. Agendia, Inc. v. Becerra, 4 F.4th 896 (9th Cir. 2021) (reversing and remanding with orders to grant summary judgment to the Secretary), cert. denied, 142 S. Ct. 898 (2022).

This Court granted summary judgment in favor of the Secretary. Order [ECF No. 28]. The Court held that Agendia's first three issues all formed part of the same "claim," which was precluded by the prior Ninth Circuit litigation ending in the Secretary's favor. Mem. Op. at 10–15. In the alternative, the Court held that the first and third issues raised by Agendia were also

2

barred by issue preclusion, because they were actually and necessarily decided in the prior litigation and no justification existed to revisit them.  Id. at 15–17.  Also in the alternative, the Court held that Agendia's second challenge, which was not specifically litigated in the prior litigation, failed on the merits.  Id. at 17–21.  Finally, the Court reviewed the five administrative decisions, which were separate from the precluded claim, and concluded that each decision was supported by substantial evidence.  Id. at 21–29.

Ten days after issuance of the Court's Order, Agendia moved under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment.  See Pl.'s Mem. of P. & A. in Supp. of Mot. to Alter or Amend March 29, 2024 Judgment/Order [ECF No. 30-1] ("Initial Mot.").  Agendia took issue with the Court's alternative holding that the "substantial deference" regulation was not arbitrary, capricious, or contrary to law.  Id. at 1–2.  Agendia argued that the Court's analysis of that question was premised on an inaccurate understanding of the regulation's history.  Id. at 2–4.  Agendia then filed a supplemental motion for reconsideration of the Court's conclusion that this challenge to the "substantial deference" regulation was precluded by prior litigation.  See Pl.'s Mem. of P. &. A. in Supp. of Suppl. Mot. to Alter or Amend March 29, 2024 Judgment/Order [ECF No. 33-1] ("Suppl. Mot.").  The Secretary filed a combined opposition to the motions.  Def.'s Combined Opp'n to Pl.'s Initial and Suppl. Mots. to Alter or Amend Judgment [ECF No. 34] ("Opp'n").  Agendia filed a reply.  Agendia's Reply to the Secretary's Opp'n to Mot. to Alter or Amend or Amend the Judgment [ECF No. 35] ("Reply").

After the motions were fully briefed, Agendia filed a "notice of new authority" concerning the Supreme Court's decision in Loper, which overruled Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc. ("Chevron"), 467 U.S. 837 (1984).  Pl.'s Notice of New Authority [ECF No. 36] ("Notice").  While framed as a "notice," the filing included legal argument that

3

Loper warrants reconsideration of the Court's claim preclusion determination as well as the Court's analysis of the "substantial deference" rule. The Secretary filed a response, contending that Loper does not affect the Court's conclusion that Agendia's challenge to the substantial deference rule is claim precluded, and arguing that the Secretary "appropriately exercised his rulemaking authority" pursuant to Loper. Def.'s Resp. to Notice [ECF No. 37].

## Legal Standard

A Rule 59(e) motion to "alter or amend a judgment" is discretionary and should be granted only when based on an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Trudel v. SunTrust Bank, 924 F.3d 1281, 1287 (D.C. Cir. 2019) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)). Rule 59 motions are generally not the occasion for "a losing party to attempt to re-argue theories or identify new arguments that could have been previously raised." Taylor v. U.S. Dept. of Just., 268 F. Supp. 2d 34, 35 (D.D.C. 2003); see Kattan v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993) (affirming district court's denial of motion for reconsideration when the party failed to raise a legal argument available to it before judgment). "[T]here is no manifest injustice when 'a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered.'" Morrissey v. Mayorkas, 17 F.4th 1150, 1163 (D.C. Cir. 2021) (quoting Ciralsky v. CIA, 355 F.3d 661, 673 (D.C. Cir. 2004)).

## Analysis

The Court begins with the threshold question whether Agendia's challenge to the "substantial deference" regulation as arbitrary and capricious and contrary to the Medicare statute is barred by claim preclusion before briefly addressing Agendia's renewed challenge to the substantial deference regulation and Loper.

4

I. Preclusion

    A. **Opportunity to Litigate in the Ninth Circuit**

Agendia contends that the Court erred when it concluded that the challenge to the "substantial deference" regulation as arbitrary and capricious and contrary to the Medicare statute was barred by claim preclusion. Claim preclusion does not apply, according to Agendia, because "[Agendia] did not have an adequate opportunity to pursue this issue" in the earlier litigation. Suppl. Mot. at 1. Citing its own complaint in the Central District of California, Agendia argues that it tried to raise the issue there, but the district court failed to rule on the question at summary judgment (deeming remaining issues "moot" after granting summary judgment in favor of Agendia), Agendia, Inc. v. Azar, 420 F. Supp. 3d at 998, and the Ninth Circuit barred further review by ordering that "judgment . . . be entered in favor of the Secretary," Agendia v. Becerra, 4 F.4th at 903. Suppl. Mot. at 1–2. Hence, Agendia finds it unfair for the Court to preclude it from arguing this issue now.

At the outset, the Court notes that this argument involves considerations known (or knowable) to Agendia before the Court's entry of judgment on March 29, 2024. Agendia's argument turns entirely on court filings from the Central District of California and Ninth Circuit litigation, which ended before this litigation ever began. See Suppl. Mot. at 1–2. Agendia raises no legal or factual argument that was unavailable at the time of summary judgment. This factor alone is reason enough to reject Agendia's argument.

But even if the Court considered Agendia's argument, it would not change the outcome of the preclusion analysis. As the Court explained in its Memorandum Opinion, a "subsequent lawsuit is barred by claim preclusion 'if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'" Mem. Op. at 10

5

(quoting Nat. Res. Def. Council v. EPA ("NRDC"), 513 F.3d 257, 260 (D.C. Cir. 2008)).  Whether Agendia feels that it was unfairly deprived of an opportunity to litigate the issue in the prior litigation does not alter the Court's conclusion that this issue was part of the same claim Agendia litigated (and lost) there.  See id. at 12.

In any event, Agendia's new argument only serves to show there was no unfairness here.  The relevant paragraph of the earlier complaint states the following:

> The Council's decision is contrary to the fundamental constitutional principle requiring Congress to make laws and policies.  All legislative powers are vested in Congress under Article 1, section 1 of the Constitution.  While the details of such policymaking may be delegated to Executive Branch agencies under the appropriate circumstances and pursuant to appropriate standards, Congress may not delegate discretionary regulatory policymaking to private contractors under any circumstances.  <u>And, even if Congress could constitutionally allow an agency to delegate such authority to a private contractor, there is no authority allowing Congress or a government agency to require judicial or quasi-judicial decision makers to defer to the policies developed by private contractors.</u>  Thus, because Congress has purportedly authorized MACs to make Medicare coverage policies, such as LCD L32288, and because the Secretary's regulations require ALJs to give substantial deference to these policies, which has occurred here, the Council's decision must be set aside.

Suppl. Mot., Ex. 2 [ECF No. 33-2] (Compl. for Judicial Review of Agency Decision, Agendia, Inc. v. Azar, Civ. A. No. 8:19-74 (DOC/JDE) (C.D. Cal. filed Jan. 14, 2019), ECF No. 1) ¶ 25 (emphasis added).  This singular sentence, tucked within a paragraph describing Agendia's constitutional nondelegation challenge, hardly puts the Secretary or the court on notice that Agendia sought to challenge the "substantial deference" rule as arbitrary, capricious, or contrary to law.  To the extent this issue was raised in the complaint, Agendia did not argue it at summary judgment.  See Opp'n, Ex. 2 [ECF No. 34-2] (Pl.'s Mem. of P. &. A. in Supp. of Mot. for Summ. J., Agendia, Inc. v. Azar, Civ. A. No. 8:19-74 (DOC/JDE) (C.D. Cal. filed June 17, 2019), ECF No. 19).  More, Agendia did not mention the issue as an alternative basis for affirmance before the Ninth Circuit.  See Opp'n, Ex. 3 [ECF No. 34-3] (Brief for Appellee / Cross-Appellant Agendia,

Inc., Agendia v. Alex Azar II, Nos. 19-56516, 20-55041 (9th Cir. filed June 18, 2020)).  It is no surprise, then, that the Ninth Circuit did not invite the parties to revisit this issue on remand.

Having apparently waived this argument twice over, Agendia can hardly be heard to complain that it was unfairly barred from raising it.  Indeed, Agendia's new contention that it was aware of this argument and mentioned it in the earlier complaint only strengthens the Court's conclusion that principles of preclusion are appropriately applied here.

### B. Loper Bright Enterprises

Agendia's "notice of new authority" purports to provide a second basis to revisit the Court's claim preclusion holding.  Specifically, Agendia contends that the Supreme Court's decision overruling Chevron warrants reconsideration of this Court's holding as to claim preclusion because the decision "constitutes an important development of law that affects this Court's judgment on the question of claim and issue preclusion concerning plaintiff's challenge to the substantial deference regulation."  Notice at 2.  Agendia relies on Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591 (1948), "where the Court recognized that a significant change or development in the controlling legal principles, including a change caused by a Supreme Court decision, may make a previous court decision obsolete or erroneous for future tax periods."  Notice at 2 (quoting Sunnen, 333 U.S. at 599).

To the extent this notice was, in substance, a third Rule 59(e) motion, it is untimely because it was filed more than 28 days after judgment was entered in this case.  But even considering the merits of Agendia's arguments, the Court is not persuaded.  Sunnen concerned a taxpayer engaged in successive litigation with the IRS.  333 U.S. at 593.  The question before the Court was whether a prior determination as to the taxpayer's liability under a certain agreement was conclusive in litigation related to the same agreement years later, despite intervening changes in controlling law.

Id. at 596–97.  The Court held that it was not, because a "judicial declaration intervening between the two proceedings . . . so change[d] the legal atmosphere as to render the rule of collateral estoppel [(issue preclusion)] inapplicable."  Id. at 600; see id. at 606.

To begin, Sunnen is not relevantly "similar" to this case, Notice at 2, because Sunnen concerned an exception to the doctrine of issue preclusion, not claim preclusion, which this Court found applicable here.  In Sunnen, the Supreme Court made clear that the exception for intervening legal changes applies when the same issue arises in subsequent litigation of a different cause of action.  333 U.S. at 599–600.  The Supreme Court contrasted this principle with "the general rule of res judicata" (claim preclusion), wherein a "judgment puts an end to a cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment."  Id. at 597; accord Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 (1981) ("The res judicata [(claim preclusive)] consequences of a final, unappealed judgment on the merits are not altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.").

Relying on the D.C. Circuit's decision in NRDC, 513 F.3d 257, this Court held in its Memorandum Opinion that the question whether the "substantial deference" regulation was arbitrary, capricious, or contrary to law was part and parcel of the claim or cause of action already litigated in the Central District of California and the Ninth Circuit.  Mem. Op. at 10–12.  Agendia's challenge went to the same question raised there—whether "substantial deference" to local coverage determinations is unlawful—so it was an argument that should have been made in the prior proceedings.  Id. at 12.  Because the Court's holding rested on claim, not issue preclusion, Sunnen does not apply.[1]

---

[1] Certain cases have recognized an extremely limited exception to the rule that a claim may not be relitigated despite an intervening change in law.  In Apotex, Inc. v. FDA, 393 F.3d 210 (D.C. Cir. 2004), the D.C. Circuit

8

Further, the Sunnen decision is factually distinguishable. As explained above, Sunnen involved the application of a prior legal determination in subsequent litigation years later. The Supreme Court's driving concern was that a legally obsolete determination could continue to bind the parties in later litigation concerning different tax years. 333 U.S. at 599. That is not the situation here. In this litigation, Agendia challenges a series of claim appeal determinations from the same time period concerning the same clinical tests as the claim appeal adjudicated in the Ninth Circuit. See Mem. Op. at 14. Further unlike Sunnen, this case does not involve an intervening judicial precedent eradicating a substantive, legal basis for the earlier decision. 333 U.S. at 603–07. Loper overruled Chevron, arguably making the substantial regulation more susceptible to a challenge. But that case did not declare the regulation at issue here invalid. See Def.'s Resp. to Notice at 1–5 (contending that the substantial deference regulation is lawful under Loper).

Agendia urges that "[t]here is no valid reason" to prevent it from challenging the substantial deference regulation under Loper while others are free to do so. Notice at 2. The company asserts that it "should not be treated differently from other Medicare providers/suppliers that challenge the application of LCDs to them post-Loper." Id. at 3. To begin, it is not apparent that Agendia would be denied relief if others successfully challenged the substantial deference regulation after Loper. The remedy in such a case would likely be vacatur of the regulation, which would prevent the Secretary from enforcing it against Agendia in future proceedings. And, ultimately, it is the nature of claim preclusion that there will be some "tension" between "values of repose and reliance" and the "opportunity to litigate matters that never have been litigated and that may

---

acknowledged that such circumstances may be present in "cases implicating significant questions of constitutional law where there has been a change in controlling legal principles." Id. at 219 (citing Hardison v. Alexander, 655 F.2d 1281 (D.C. Cir. 1981)). The D.C. Circuit has cited—as examples—instances of compelling public policy interest, such as "the constitutionality of multi-member districts used in apportioning school boards" and "the constitutionality of state tuition grants to private schools." Hardison, 655 F.2d at 1288 n.27. Agendia has not argued this exception, and nothing close to those circumstances is present here.

involve valid rights to relief." Wright & Miller, Federal Practice & Procedure Jurisprudence § 4415 (3d ed.). In sum, Loper does not warrant reconsideration of the Court's conclusion that Agendia's claim is precluded by the prior Ninth Circuit litigation.

## II. Substantial Deference Rule

Having reaffirmed its conclusion that Agendia's challenge to the substantial deference rule as arbitrary and capricious and contrary to the Medicare statute is barred by claim preclusion, there is no basis on which to grant the Rule 59(e) motion to alter or amend the judgment in this case. After all, where a party fails to identify any prejudicial error, there is no ground to amend the judgment. See Flores-Hernandez v. United States, 944 F. Supp. 2d 26, 31 (D.D.C. 2013). Accordingly, judgment still fairly rests with the Secretary.

However, the parties' latest round of briefing and the issuance of Loper raised some question about the factual and legal underpinnings of the Court's alternative holding that the "substantial deference" regulation is not arbitrary, capricious, or contrary to law. Specifically, Agendia now contends that the regulation was not finalized until 2009 (instead of 2005, the date discussed in the parties' summary judgment briefing), and that this should affect the Court's understanding of the Secretary's rationale for issuing the rule. Initial Mot. at 4–6.[2] These considerations take on additional salience in light of the nuanced analysis this Court would need to undertake after the Supreme Court's recent decision in Loper overruling Chevron, on which the Court rested its analysis in part. See Mem. Op. at 19; Def.'s Resp. to Notice at 1–5. Ultimately, the Court's resolution of these questions is not necessary to support the judgment in this case, and

---

[2] The Court notes that nowhere in the initial briefing of this case did Agendia (or the government) ever discuss rulemaking history after 2005. A Rule 59(e) motion is not an opportunity for a party to raise facts that it unjustifiably neglected to convey to the Court previously. See Trudel, 924 F.3d at 1287 (affirming district court's denial of motion for reconsideration when the party "failed to unearth (or at least plead) these additional allegations during three years of litigation").

it would be imprudent for the Court to expend further judicial resources resolving them on the limited briefing before it.  Accordingly, the Court will reissue the March 29, 2024, Memorandum Opinion to omit analysis of the substantial deference regulation, Mem. Op. at 17–21 (Analysis, Part II).  Such action does not affect the ultimate judgment in this case.

* * *

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [30] and [33] Agendia's motions to alter or amend the judgment are **DENIED**; and it is further

**ORDERED** that a revised version of the Court's March 29, 2024, Memorandum Opinion [ECF No. 29] consistent with this Opinion will issue on this date.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: July 26, 2024